CASANUEVA, Judge.
Douglas H. Faller challenges the summary dismissal of his pro se motion to withdraw his no contest plea to nineteen third-degree felony counts. The trial court dismissed the motion on the ground that it was untimely filed. The State concedes that the trial court erred in dismissing the motion in Mr. Faller’s circumstances because his motion was timely filed.
Mr. Faller was incarcerated at the time he “filed” his motion by placing it into the hands of prison officials. Florida Rule of Criminal Procedure 3.170(0 allows a convicted defendant thirty days after rendition of sentence to file a motion to withdraw a plea. The certificate of service on Mr. Faller’s motion shows that it was “served,” i.e., given to prison officials, on the twenty-ninth day after his sentencing, a Friday. It was date-stamped by a prison official and postmarked on the thirty-second day, a Monday. According to Florida Rule of Appellate Procedure 9.420(a)(2), this is deemed a timely filing.[1]
Because the motion should have been considered timely filed, we reverse the dis *1292 missal and remand for further proceedings. Despite this reversal, we caution Mr. Faller, who is proceeding'pro se, that should he succeed in withdrawing his plea to a sentence of eight years, four months, he faces the possibility of a much longer sentence should the State prevail at trial.
Order of dismissal reversed and the cause remanded for the trial court to consider Mr. Faller’s motion to withdraw plea.
WHATLEY and LaROSE, JJ., Concur.

. Florida Rule of Appellate Procedure 9.420(a)(2) provides:
A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service *1292 certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date. See also Fla. R.Crim. P. 3.040.